SCARINCI & HOLLENBECK, LLC
Ronald S. Bienstock (No. RSB6059)
Brent M. Davis (No. BMD3139)
1100 Valley Brook Ave.,
Lyndhurst, NJ 07071
Telephone: (201) 896-4100
Email: Bdavis@sh-law.com
Our File No.  63063.0013

Attorneys for Plaintiff DiMarzio, Inc.


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DiMarzio, Inc., a New York corporation, | X<br>:<br>: |
| Plaintiff, | :<br>: Civil Action No. _____<br>:<br>: |
| v. | : **COMPLAINT**<br>: |
| Sheptone LLC, a Washington corporation and DOES 1-10. | : **DEMAND FOR JURY TRIAL**<br>:<br>:<br>:<br>: |
| Defendants. | :<br>X |



Plaintiff DiMarzio, Inc. ("DiMarzio") as and for its Complaint against Defendants

Sheptone LLC ("Sheptone") and Does 1-10, alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action for trademark infringement under § 32 of the Lanham Act, 15

U.S.C. § 1114; unfair competition and false designation of origin under § 43(a) of the Lanham

Act, 15 U.S.C. § 1125(a); and trademark infringement and unfair competition under New York

state law.

2.      This Court has original jurisdiction over DiMarzio's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.

3.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367, with respect to DiMarzio's claims arising under the laws of the State of New York.

4.      This Court may exercise personal jurisdiction over Sheptone based upon its activities within the State of New York, which include transaction of business within this judicial district and commission of a tortious act without the State causing injury to Plaintiffs within the State.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated within this district.

### THE PARTIES

6.      Plaintiff DiMarzio is a New York corporation with a principal place of business at 1388 Richmond Terrace, Staten Island, New York 10310.

7.      Upon information and belief, Defendant Sheptone is a Washington corporation with a principal place of business at 197 Woodland Parkway #104-491, San Marcos, California 92069.

8.      The identity of defendants DOES are not currently known.

### DIMARZIO'S INTELLECTUAL PROPERTY

9.      DiMarzio is a manufacturer, distributor and seller of products for use with guitars and bass guitars including, but not limited to, pickups, cables, straps and hardware.

10.     DiMarzio owns the following federally registered and incontestable trademarks: (1) the distinctive color cream for use with humbucking pickups trademark (U.S. Reg. No. 1,169,205) (hereinafter, the "Double Cream Color Mark") in International Class 15 and (2) the "PAF" standard character trademark (U.S. Reg. No.: 1,096,579) (hereinafter, "PAF®") in International Class 9 for use on guitar pickups (collectively, the "DiMarzio Marks").

11.     On December 1, 1977, DiMarzio, under its previous corporate name, DiMarzio Musical Instrument Pickup, Inc., applied for trademark registration for the Double Cream Color Mark.

12.     The Double Cream Color Mark was registered on September 15, 1981.

13.     The Double Cream Color Mark obtained incontestability status on July 23, 1987.

14.     On February 18, 1977, DiMarzio, under its previous corporate name, DiMarzio Musical Instrument Pickup, Inc., applied for trademark registration for PAF®.

15.     PAF® was registered on July 18, 1978.

16.     PAF® obtained incontestability status on April 17, 1984.

17.     Pursuant to Sections 15 and 33 of the Lanham Act, 15 U.S.C. §§ 1065 and 1115, said registration constitutes prima facie evidence of, (i) the validity of the DiMarzio Marks, (ii) DiMarzio' ownership of the DiMarzio Marks, and (iii) DiMarzio exclusive right to use the DiMarzio Marks.

18.     DiMarzio has consistently policed the DiMarzio Marks.

19.     DiMarzio' products bearing the DiMarzio Marks are played by famous musicians including, but not limited to Ace Frehley of Kiss, Joe Satriani, Steve Vai and John Petrucci of Dream Theater.

## SHEPTONE'S UNLAWFUL CONDUCT

20.     In or around February 2016, DiMarzio discovered that Sheptone was selling pickups for guitars incorporating the distinctive cream color of the incontestable Double Cream Color Mark (the "Infringing Products").

21.     Sheptone's advertising for the Infringing Products also used PAF®.

22.     DiMarzio placed an order with Sheptone for one of the Infringing Products.

23.     Upon delivery, DiMarzio confirmed that the Infringing Products incorporated the distinctive cream color of the incontestable Double Cream Color Mark.

24.     In order to police the DiMarzio Marks, on February 17, 2016, counsel for DiMarzio sent "cease and desist" correspondence to Sheptone.

25.     Despite DiMarzio being in possession of Sheptone's Infringing Products, Sheptone denied it sold pickups incorporating the distinctive cream color of the incontestable Double Cream Color Mark.

26.     As a result of Sheptone's continued infringement of the DiMarzio Marks, DiMarzio has brought these claims seeking the following relief:

### FIRST CLAIM FOR RELIEF
### TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

27.     DiMarzio hereby repeats and re-alleges, as if fully set forth herein, the allegations set forth in Paragraphs 1 through 26, above.

28.     Sheptone's infringing activities described above are likely to cause and have caused confusion, mistake and deception among the general consuming public and trade as to the origin and quality of Sheptone's Infringing Products because of their use of the DiMarzio Marks.

29.     Sheptone's unlawful actions described above constitute infringement of the DiMarzio Marks in violation of DiMarzio' rights under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

30.     Sheptone has been, and is, infringing the DiMarzio Marks with full knowledge and willful disregard for DiMarzio' exclusive rights and knowing that the DiMarzio Marks are associated exclusively with DiMarzio and are incontestable registered trademarks.

31.     Sheptone's conduct is intentional, willful, wanton and malicious, and is undertaken with intent to reap the benefits of DiMarzio's trade identity and goodwill, and to give Sheptone's Infringing Products a market acceptance and salability that they otherwise would not enjoy.

32.     DiMarzio has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Sheptone as aforesaid in an amount thus far not determined.

33.     Sheptone's unlawful actions have caused DiMarzio irreparable harm for which DiMarzio is entitled to permanent injunctive relief under 15 U.S.C. § 1116.

**SECOND CLAIM FOR RELIEF**
**FALSE DESIGNATION OF ORIGIN**
**AND UNFAIR COMPETITION (15 U.S.C. § 1125(A))**

34.     DiMarzio hereby repeats and re-alleges, as if fully set forth herein, the allegations set forth in Paragraphs 1 through 33, above.

35.     Sheptone has affixed, applied, or used in connection with the sale of Sheptone's Infringing Products, false descriptions and representations, which tend, falsely to describe or represent that the goods offered by Sheptone are sponsored by, authorized by, or connected with DiMarzio.

36.     Upon information and belief, the activities of Sheptone complained of herein constitute willful and intentional uses, appropriations and infringements of the DiMarzio Marks with complete and deliberate disregard to DiMarzio's rights. These activities were commenced and have continued in spite of Sheptone's knowledge that the Sheptone's use of the DiMarzio Marks was and is in direct contravention of DiMarzio's rights, all in violation of 15 U.S.C. § 1125(a).

37.     DiMarzio has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Sheptone as aforesaid in an amount thus far not determined.

### THIRD CLAIM FOR RELIEF
### COMMON-LAW TRADEMARK INFRINGEMENT

38.     DiMarzio hereby repeats and realleges, as if fully set forth herein, the allegations set forth in Paragraphs 1 through 37, above.

39.     As a result of Sheptone's wrongful conduct described above, the manufacturing, advertising, distributing and selling of Sheptone's Infringing Products constitutes infringement of DiMarzio's exclusive common-law rights, in that such use is likely to cause, and has caused confusion, deception and mistake in the minds of the public with respect to the origin, source and affiliation of Sheptone's Infringing Goods.

40.     Sheptone's Infringing Products incorporate or use marks that are identical to the DiMarzio Marks and has been and continues to violate and infringe DiMarzio's common-law trademark rights.  Sheptone's unlawful actions constitute common-law trademark infringement under New York law.

41.     DiMarzio has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Sheptone as aforesaid in an amount thus far not determined.

42.     Sheptone's foregoing unlawful actions have caused DiMarzio irreparable harm for which DiMarzio is entitled to permanent injunctive relief.

**FOURTH CLAIM FOR RELIEF**
**<u>COMMON-LAW UNFAIR COMPETITION</u>**

43.     DiMarzio hereby repeats and re-alleges, as if fully set forth herein, the allegations set forth in Paragraphs 1 through 42, above.

44.     Sheptone's foregoing wrongful conduct constitutes unfair competition under the common-law of the State of New York.

45.     DiMarzio has no adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of Sheptone as aforesaid in an amount thus far not determined.

WHEREFORE, Plaintiffs seek judgment against Sheptone as follows:

A.  That Sheptone, its officers, agents, servants, employees and attorneys, and those in active concert or participation with Sheptone, be permanently enjoined and restrained from:

    1)      Using in any manner the DiMarzio Marks;

    2)      Manufacturing, marketing, advertising, distributing or selling musical instruments bearing the DiMarzio Marks, including, without limitation, Sheptone's Infringing Products;

    3)      Representing, suggesting in any fashion to any third party, or performing any act which may give rise to the belief that Sheptone, or any of its goods, are authorized or sponsored by DiMarzio;

    4)      Passing off, inducing or enabling others to sell or pass off any goods as products produced by DiMarzio; and

    5)      Otherwise competing unfairly with DiMarzio in any manner.

B.   That Sheptone recall any and all goods from the market that infringe on the DiMarzio Marks.

C.   That Sheptone be ordered to deliver up to DiMarzio for destruction, any and all goods in its possession, or under its control that infringe on the DiMarzio Marks.

D.   That DiMarzio be awarded actual damages in an amount to be determined at trial for infringement of the DiMarzio Marks as provided by law.

E.   That Sheptone account for and pay over to DiMarzio profits realized by Sheptone by reason of Sheptone's unlawful actions herein alleged; and that the amount of disgorgement for infringement of DiMarzo's registered and incontestable trademarks be increased by a sum not exceeding three times the amount thereof as provided by law; and that the Court impose whatever final equitable relief is necessary to achieve the foregoing, including, without limitation, the imposition of a constructive trust.

F.   That DiMarzio be awarded reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117.

G.   Such other and further relief as is just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury on all issues triable by jury.

Dated: Lyndhurst, New Jersey       SCARINCI & HOLLENBECK, LLC.
       June 6, 2016

                                   By:    s/ Brent M. Davis
                                          Brent M. Davis, Esq. [BD3139]
                                          Ronald S. Bienstock [RB6059]
                                          Scarinci & Hollenbeck, LLC
                                          1100 Valley Brook Ave.,
                                          Lyndhurst, NJ 07071
                                          Telephone: (201) 896-4100
                                          Fax: (201) 896-8660
                                          *Attorneys for Plaintiff DiMarzio, Inc.*